**Ernesto DELGADILLO–TORRES,** Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72743.
Agency No. A95–289–294.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Ernesto Delgadillo–Torres, Eloy, AZ, pro se.

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Shelley R. Goad, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM**

Ernesto Delgadillo–Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003), and we deny the petition.

Delgadillo–Torres contends that he was denied a full and fair hearing because the IJ did not adequately inform him of his options for relief from removal. The record shows, however, that Delgadillo–Torres was fairly apprised of the nature of the proceedings and avenues of relief available to aliens facing removal. In any event, he has not demonstrated prejudice. *Cf. Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (finding due process violation where petitioner was prejudiced by IJ's conduct).

Because Delgadillo–Torres does not challenge the BIA's conclusion that his conviction for a felony drug trafficking offense rendered him ineligible for relief from removal, he has waived the issue.

** This disposition is not appropriate for publication and may not be cited to or by the

*See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (concluding that petitioner waived an issue by failing to address it in the opening brief).

We do not consider Delgadillo–Torres' contention that his conviction was pardoned because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.